FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

NOV 9 2009

JAMES N. HATTEN, Clerk
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AVERY LAMAR MILLER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| R. L. CONWAY, Sheriff, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:08-CV-2271-TWT |

### ORDER and OPINION

This matter is before the Court after remand from the Eleventh Circuit Court of Appeals and on Plaintiff's motion to perfect service (Doc. No. 32), motion for modification or clarification of ruling (Doc. No. 33), motion to remove defendants (Doc. No. 34), and motion to include additional defendants (Doc. No. 35). Additionally, this Court initially granted Plaintiff in forma pauperis status for the purpose of dismissal (Doc. No 5), and that grant is due to be amended and modified as ordered further below.

II. **Background**

Plaintiff brought this action against R. L. Conway, Gwinnett County Sheriff, and Fergurson, E. McKenzie, J. Land, and H. Breitinger, all Deputy Sheriffs. (Doc. No. 1 ¶ III.) Plaintiff also filed a motion to amend in which he (1) submitted supplemental pleadings and (2) sought to add as Defendants A. J. Craig, Deputy

Sheriff, and Daniel J. Porter, District Attorney. (Doc. No. 3; see also Doc. No. 35.) This Court granted the motion as to the supplemental pleadings, but denied it as to adding Porter and Craig as Defendants. (Doc. No. 4.)

Plaintiff complained that Deputy Sheriff Garner imposed a no-talking rule at meal times and in the day room at the Gwinnett County Detention Center and restricted Plaintiff to his cell for the evening when he criticized that rule. (Id. ¶ IV(1).) Plaintiff asserted that Fergurson and McKenzie supported this "arbitrary and capricious" rule, he appealed to Sheriff Conway regarding the establishment of arbitrary rules, and he sent a copy of his appeal to Porter. (Id. ¶ IV (3), (4).) Plaintiff complained that when he attempted to grieve the matter, McKenzie failed to provide the proper grievance forms or inform Plaintiff of the appeal process. (Id. ¶ IV (2), (3).) Plaintiff further contended that he appealed to Sheriff Conway regarding Breitinger's threats to another inmate and Land's rule of leaving cell lights on all night "for consecutive nights on several occasions," depriving Plaintiff of sleep. (Id. ¶ IV(4) and Ex. D, Similar Occurrence 3.) Plaintiff complained that Land refused to provide him a grievance form and threatened him with bodily harm ("jabb[ing] his fingers toward [Plaintiff's] face") in retaliation for Plaintiff's seeking to file a grievance regarding the night-time lights. (Id. ¶ IV(5) and Ex. E at 2.) Plaintiff also

contended (1) that Craig stated that Plaintiff's allegations of misconduct by officials would be investigated, but he has not been notified of the disposition of that investigation, and (2) that Porter has not addressed Plaintiff's "bill of accusations . . . which sought redress of charges against Deputy Land formally filed by [Plaintiff]" or "generat[ed] a police report to coincide [with Plaintiff's] bill of accusations." (Doc. No. 3, Supplemental Pleadings at 1-2.)

This Court found that Plaintiff failed to state a claim in regard to grievance procedures, threats to other inmates, lighting issues, retaliatory threats, the one evening of cell restriction, and the no-talking rule imposed at meal times and in the day room. (Doc. No. 5 at 5-11.) Accordingly, this Court dismissed this action. (Id.) On appeal, the Eleventh Circuit Court of Appeals (1) found that the denial of the motion to add Craig and Porter as Defendants should be vacated because Plaintiff had the right to amend once as a matter of course before service of process, (2) reversed the dismissal of the claim regarding the no-talking rule, (3) affirmed the dismissal of Plaintiff's other claims, and (4) remanded. (Doc. No. 27, Opinion at 3-4.) The Eleventh Circuit held that because Plaintiff, a pre-trial detainee, had "alleged that the 'no talking' rule was arbitrary and capricious, he stated a claim that the rule was imposed to punish him." (Id. at 3.)

## II. Discussion

In his motion for modification or clarification, Plaintiff asks whether his retaliation claim against Land has been dismissed. (Doc. No. 33.) This Court dismissed Plaintiff's retaliation claim against Land, and the Eleventh Circuit affirmed the dismissal of Plaintiff's complaint on all claims except the no-talking rule claim. (See Doc. No. 5 at 10; Doc. No. 27, Opinion at 4.) Thus, the retaliation claim against Land was, and remains, dismissed.

Plaintiff moves to dismiss McKenzie and Breitinger as Defendants. (Doc. No. 34.) That motion shall be granted. Plaintiff also moves to add Craig and Porter as Defendants. (Doc. No. 35.) Based on Plaintiff's right to amend once as a matter of course, Plaintiff motion to add Craig and Porter as Defendants is due to be granted.

Plaintiff also has moved to perfect service on Defendants. (Doc. No. 31.) That motion shall be granted as to Defendants Conway and Fergurson. However, for the reasons stated below, Land, Porter, and Craig are due to be dismissed. The Eleventh Circuit has affirmed the dismissal of the claims against Land, and Plaintiff does not allege that Land was involved in the no-talking rule. Additionally, Plaintiff's allegation that Craig sent him a letter stating that Plaintiff's allegations of misconduct would be investigated, without more, is insufficient to hold Craig responsible for the

4

no-talking rule. Further, Plaintiff's allegation that he sent Porter a copy of his appeal regarding the allegedly arbitrary rules is insufficient to show that Porter violated Plaintiff's constitutional rights because Porter, as District Attorney, does not have authority regarding jail rules. See Manders v. Lee, 338 F.3d 1304, 1315 (11th Cir. 2003) (discussing Sheriff's authority and duty to administer the jail in his jurisdiction). Additionally, Plaintiff's allegation that Porter has not initiated a prosecution based on Plaintiff's bill of accusations does not state a claim because Plaintiff has no judicially cognizable interest in Porter's decision regarding the initiation of prosecution. See Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987). Accordingly, Plaintiff fails to state a claim against Land, Porter, and Craig in regard to the no-talking rule.

## III. Conclusion

### A. Modification of Order Granting In Forma Pauperis Status

**IT IS ORDERED** that this Court's grant of in forma pauperis status (Doc. No. 5) is **HEREBY AMENDED AND MODIFIED** as follows. Pursuant to the provisions of 28 U.S.C. § 1915(b)(2), Plaintiff shall be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account. Specifically, the balance of said filing fee shall be paid by, or on behalf of Plaintiff,

AO 72A
(Rev.8/82)

in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to Plaintiff's inmate account, in each month in which Plaintiff's account balance exceeds $10.00. Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering Plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk of Court for the United States District Court for the Northern District of Georgia, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

**IT IS FURTHER ORDERED** that:

1. The Clerk of the Court transmit a copy of this Order to the warden of the institution where Plaintiff is incarcerated; and

2. The warden of the institution, or his designee, shall collect the aforesaid monthly payments from Plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

### B. Motion for Modification and Clarification, Motion to Remove Defendants, and Motion to Include Additional Defendants

**IT IS ORDERED** that Plaintiff's motion for modification or clarification of ruling (Doc. No. 33) is **GRANTED** in part – to clarify that the retaliation claims against Land have been dismissed – and is otherwise **DENIED**.

AO 72A
(Rev.8/82)

IT IS ORDERED that Plaintiff's motion to remove defendants (Doc. No. 34) is GRANTED, and McKenzie and Breitinger are DISMISSED from this action.

IT IS ORDERED, in accord with the Eleventh Circuit's opinion, that Plaintiff's motion to include additional defendants (Doc. No. 35) is GRANTED, and the Clerk of Court is Directed to add A. J. Craig, Deputy Captain, and Daniel Porter, District Attorney, as Defendants in this action.

C. Service

As stated above, Plaintiff fails to state a claim against Craig, Porter, or Land in regard to the only claim that is before this Court, i.e., the claim regarding the no-talking rule. Accordingly,

IT IS ORDERED that Plaintiff's motion to perfect service (Doc. No. 32) is DENIED in part, and Defendants Craig, Porter, and Land are DISMISSED from this action, and is GRANTED in part as to Defendants Conway and Fergurson.

IT IS ORDERED that Plaintiff's claim against Conway and Fergurson that the no-talking rule violates his constitutional rights is ALLOWED TO PROCEED as any other civil action.

The Clerk is hereby DIRECTED to send Plaintiff a USM 285 form and summons for each Defendant – Conway and Fergurson. Plaintiff is DIRECTED to

complete a USM 285 form and summons for each Defendant. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each of the two Defendants. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal

8

service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Prisoner civil rights cases are automatically assigned to a zero-month discovery track. If either party determines that discovery is required, that party should file a motion requesting discovery and stating with particularity the "existence, description, nature, custody, condition, and location of . . . [discoverable] matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). See N.D. Ga., LR 26.2.A. & B.

**IT IS SO ORDERED** this 6 day of November, 2009.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)