IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AVERY LAMAR MILLER,

    Plaintiff,

       v.

R. L. CONWAY
SHERIFF, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-2271-TWT

## ORDER

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983.  It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 74] and the Plaintiff's Motion for Summary Judgment [Doc. 79].  For the reasons stated below, the Defendants' Motion for Summary Judgment [Doc. 74] is GRANTED and the Plaintiff's Motion for Summary Judgment [Doc. 79] is DENIED.

## I.  Introduction

Plaintiff Avery Miller was detained at the Gwinnett County Detention Center in April 2008 while awaiting trial.  On April 26, 2008,  Deputy Sheriff John Gardner (who is not named as a Defendant) supervised Miller's housing unit during the evening shift.  At the beginning of the shift, he counted the inmates pursuant to prison

policy.  He instructed the inmates not to talk during the count.  Still, the count took longer than usual.  As a result, the inmates in Deputy Gardner's housing unit had only thirty minutes to eat dinner instead of an hour.  During dinner, Deputy Gardner again instructed the inmates not to talk.  He says that he restricted talking "in order to facilitate an expeditious return of meal trays to the kitchen for use by the next unit scheduled for a meal."  (Gardner Affidavit ¶ 13.)  After dinner, the inmates went to the recreation yard, where they were free to talk and socialize with each other.

Later that night, Miller requested and received a "pre-grievance form" from Deputy Gardner.  The following day, Lieutenant James Ferguson, Deputy Gardner's supervisor, reviewed Miller's pre-grievance form and concluded that Deputy Gardner's actions were a reasonable response to the shortened dinner hour.  Miller then filed a formal grievance.  Two days later, another deputy reviewed and denied the grievance.  Shortly thereafter, Miller sent a letter of appeal to Sheriff R.L. Conway.  He then filed suit in this Court, alleging constitutional violations based on Deputy Gardner's "no-talking" instruction and several other non-related incidents. The Court dismissed the complaint as frivolous.  On appeal, the Eleventh Circuit reversed this Court's dismissal of the "no-talking" claim and upheld the dismissal of Miller's other claims.  The Defendants now move for summary judgment on the "no-talking" claim.

## II.   Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.   Discussion

Due process prohibits a state from punishing a pretrial detainee until he is lawfully convicted of a crime.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  To determine whether a condition of pretrial detention amounts to punishment, the court must decide whether the condition is imposed for the purpose of punishment or whether it is incident to a legitimate governmental purpose such as maintaining institutional security and preserving internal order and discipline.  Id. at 546.  "An intent to punish may be inferred when the condition is excessive in relation to the

legitimate purpose assigned to it." <u>McMillian v. Johnson</u>, 88 F.3d 1554, 1564 (11th Cir. 1996).

Here, Miller alleges that Deputy Gardner instructed inmates not to talk during mealtime on the day in question.  Deputy Gardner says that he restricted talking to maintain order during dinner and adhere to the prison schedule.  He also notes that the inmates were free to socialize in the recreation yard after completing their meal. Miller does not offer any evidence that would allow a reasonable juror to conclude that the restriction was excessive in relation to its purpose or that it was in fact intended as punishment.  Therefore, the Defendants are entitled to summary judgment. <u>See</u> <u>Bell</u>, 441 U.S. at 539 ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'").

Even if Miller could show that Deputy Gardner intended the restriction as punishment, he cannot show that Lieutenant Ferguson and Sheriff Conway are liable for Deputy Gardner's actions.  Section 1983 claims may not be brought against supervisory officials in their individual capacities on the basis of vicarious liability or respondeat superior.  <u>Keating v. City of Miami</u>, 598 F.3d 753, 762 (11th Cir. 2010). Instead, supervisors are liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions

of the supervising official and the alleged constitutional violation." Id.  Here, Miller says that Sheriff Conway and Lieutenant Ferguson improperly handled the pre-grievance and appeals process after the alleged violation occurred.  Even if true, the alleged facts cannot support a finding that Sheriff Conway and Lieutenant Ferguson personally participated in or otherwise caused the alleged violation.  Accordingly, the Defendants are entitled to summary judgment on Miller's individual capacity claims.

To the extent that the complaint alleges violations by Sheriff Conway and Lieutenant Ferguson in their official capacities, the officers are entitled to Eleventh Amendment immunity.  The Eleventh Amendment prohibits suits in federal courts against state governments.  It extends to suits against state officers in their "official capacity."  In Purcell v. Toombs County, 400 F.3d 1313 (11th Cir. 2005), the Eleventh Circuit held that county sheriffs in Georgia are entitled to Eleventh Amendment immunity as state officers when they are performing state functions such as "establishing and administering [county] jail policies and practices."  Id. at 1324; Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc).  Here, Miller alleges that Sheriff Conway and Lieutenant Ferguson improperly administered jail policies.  Therefore, under Purcell, the officers are entitled to Eleventh Amendment immunity in their official capacities.

IV.   <u>Conclusion</u>

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 74] is GRANTED and the Plaintiff's Motion for Summary Judgment [Doc. 79] is DENIED.

SO ORDERED, this 3 day of November, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge